liPER CURIAM.
Formal disciplinary charges were brought by the Disciplinary Counsel against Eddie G. Crawford. Count 1 arises out of Crawford’s representation of a Ms. Alberta Watson. Ms. Watson hired Crawford to assist her in collecting her portion of the community property of her former marriage, and gave Crawford $1,390 which she had received from her husband. These funds were delivered to Crawford with the understanding that he would hold them in trust while he pursued a judicial partition of the remaining community assets and seek a proper accounting from her former husband. Crawford, however, did not have a trust account, and deposited these funds into his general operating account. Ms. Watson subsequently filed a complaint with the Bar’s Disciplinary Counsel. In February of 1993 (after being deposed by Disciplinary Counsel, but before the filing of formal charges) Crawford returned $1,300 to Ms. Watson, keeping $90 for court costs allegedly paid to file the petition.
Count 2 arises out of Crawford’s representation of one Lawrence Jones in a federal court lawsuit against Southern University. Jones was originally represented in this lawsuit by his wife, but asked Crawford, a personal friend, to represent him when the Joneses moved to Boston in the fall of 1989. Crawford agreed to undertake Jones’ case, but failed to take any further substantial action in the case; the lawsuit was eventually dismissed for want of prosecution. Jones thereafter filed a complaint with the Bar Association.
Count 3 deals with Crawford’s representation of a Mrs. Anderson in a child custody matter. In 1988 Mrs. Anderson hired *1339 ^Crawford to obtain custody of her grandchildren, and paid Crawford a fee (the exact amount of which is disputed) in advance. Mrs. Anderson later complained that Crawford had not kept her informed of his progress nor had he provided her an accounting of her advance fee. Crawford handled other unrelated tasks for Mrs. Anderson, and it appears from the record that the advance fee went towards paying for his services in these matters.
We find that clear and convincing evidence shows that Crawford violated Rules 1.3 (lack of diligence and promptness in representing client), 1.4(a) and (b) (failure to communicate to client necessary and pertinent information), 1.15 (failure to safeguard property of client by commingling funds in operating account), and, by virtue of these violations, 8.4(a) of the Rules of Professional Ethics. We also conclude, however, that Crawford did not engage in any conduct involving fraud, deceit, or dishonesty, and therefore was not in violation of Rule 8.4(c)..
Of these, the most serious violation is Crawford’s violation of Rule 1.15 (Count 1), which occurred when the $1,390 entrusted to him by Ms. Watson was deposited into his operating account and made available for his general use. Although Crawford technically violated several rules of conduct in relation to the conduct described in Counts 2 and 3 of the formal charges, we find these violations to be fairly insubstantial given the nature of those representations and the other circumstances which mark those counts.
Even though we find Crawford’s violation of Rule 1.15 to have arisen due to neglect and not out of any intentional wrongdoing, we nevertheless find that the gravity of this particular breach of ethical conduct, representing as it does the danger of misappropriation of a client’s property, warrants suspension. However, the fact that Crawford’s violation resulted from carelessness and not any ill motive disposes us towards a lesser period of suspension than might otherwise be appropriate. We also find a number of other mitigating factors to be present in this case, including the fact that restitution was made to Ms. Watsonjgbefore the filing of formal charges. Finally, we recognize that Crawford’s transition from a private to a public interest practitioner contributed at least in part to the oversights described in the formal charges.
Accordingly, it is ordered that Eddie G. Crawford be suspended from the practice of law for a period of 6 months from the finality of this decision. It is further ordered that the respondent participate in a law office practice/time management program such as may be offered through the sole practitioners and small firm section of the Louisiana State Bar Association. Finally, we order that the respondent attend four additional legal education hours in ethics and that he further maintain currency in all mandatory continuing legal education requirements of the Louisiana State Bar Association throughout the period of his suspension. All costs of this proceeding are hereby assessed to respondent.
SUSPENSION ORDERED.