DISCIPLINARY PROCEEDINGS
IJPER CURIAM.*
On March 12, 1996, respondent, Eddie G. Crawford, an attorney licensed to practice law in the State of Louisiana, was charged by the Office of Disciplinary Counsel (“ODC”) with one count of formal charges. The charges alleged instances of neglect, failing to communicate with clients, failing to inform his clients of his suspensions from the practice of law, obtaining substitute counsel without obtaining his clients’ consent, and failing to return an unearned fee or provide an accounting in violation of Rules 1.3, 1.4, 1.16(d), and 8.4(a) and (c) of the Rules of Professional Conduct.
A review of the underlying facts indicates that on February 2, 1994, Donna Comeaux Anderson and Carl Anderson, Sr. paid respondent $500 to represent them in connection with a step-parent adoption of Mrs. Anderson’s son. Mr. Anderson was in the United States Army and was to be transferred to Hawaii in July of 1994. Therefore, the Andersons advised respondent that completion of the adoption matter by June of 1994 was of critical importance due to the family’s relocation.
On April 22, 1994, respondent prepared and filed the petition with the clerk of court. However, the judge was not available to sign the order setting the home study appointment, and respondent left the order with the judge’s staff. The order was not signed until June 3, 1994 and, as a result, the home study was completed with Mrs. Anderson and the child only, because Mr. Anderson had already been transferred. A second hearing was set for July 22, 1994, after Mrs. Anderson and her son had already moved to Hawaii. Respondent failed to appear at this hearing.
On September 16, 1994, respondent was suspended for ninety days from the practice of law by this court for an unrelated Rmatter. In re: Crawford, 93-3148 (La.9/16/94), 643 So.2d 135. He obtained substitute counsel for the Andersons without their consent or knowledge and failed to inform them of his suspension. On March 10, 1995, respondent was suspended from the practice of law for six months by this court in another unrelated matter. In re: Crawford, 94-2960 (La.3/10/95), 651 So.2d 1338. Although the adoption had still not been completed, re *381 spondent again failed to advise his clients of his suspension. Ultimately, a final adoption decree was obtained on September 7,1995 by the Andersons themselves, with the help of legal assistance through the Army.
On October 23, 1995, the Andersons filed their complaint with the ODC, alleging respondent neglected his duties and failed to earn his fee. In response to the complaint, respondent indicated that he had completed most of the matter, except for the final decree, and was of the opinion that he had earned the entire fee.
After formal charges were filed against respondent by the ODC, respondent failed to answer and the matter was submitted to the hearing committee on the record. On September 12, 1996, the hearing committee rendered its findings and recommendation. It found that the adoption was a simple proceeding and should have been handled with little difficulty, but.because of respondent’s neglect and misunderstanding of the law, the task was never completed. In light of re-' spondent’s prior disciplinary record, it concluded the appropriate baseline sanction was suspension.[1] | gAccordingly, it recommended that respondent be. suspended from the practice of law for a period of one year and one day, provide full restitution in the amount of $500 and provide proof of such payment prior to any application for reinstatement. In addition, the committee proposed respondent be assessed with all costs of the proceeding.
On April 17, 1997, the disciplinary board filed its findings and recommendation. Although it agreed with the findings of the committee, the board deviated from the recommendation of the hearing committee by proposing -that respondent’s suspension be made retroactive to September 10, 1995, the date he was eligible to be automatically reinstated from his prior six month suspension.[2] It further recommended that respondent pay all disciplinary costs from his prior six month suspension before filing an application for reinstatement.
Two members of the board filed a dissent, suggesting a six month suspension was an appropriate sanction based on their finding that respondent’s misconduct arose from poor judgment, rather than bad faith.
Neither the ODC nor respondent filed objections to .the disciplinary board’s recommendation in this court. However, pursuant to Supreme Court Rule XIX, § 11 G(l)(a), this court ordered respondent and the ODC to submit written briefs (without oral argument),, addressing the issue of whether respondent’s suspension should be made retroactive to September 10,1995. The ODC filed a brief, in which it asserted there was no support in either the rules or the decisions of this court to make respondent’s suspension retroactive. Accordingly, the ODC urged this court to make respondent’s suspension prospective rather than retroactive. Respondent did not file a brief.
|4Based on our review of the record, we agree that the suspension for a period of one year and one day recommended by the disciplinary board is appropriate, but we see no justification for making the suspension retroactive to the date respondent was enti- *382 tied to automatic reinstatement from his previous suspension. Although it is true respondent was not reinstated on September 10, 1995 (the date he was automatically eligible for reinstatement) due to his failure to pay disciplinary costs, we do not believe he should benefit from such failure by receiving a retroactive suspension. Therefore, we conclude that respondent’s suspension should be prospective, commencing from the date of finality of this court’s judgment.

DECREE

Upon review of the disciplinary board’s findings and recommendations, the record filed herein and the additional briefing, it is the decision of the court that the disciplinary board’s recommendation be adopted in all respects, except insofar as it makes respondent’s suspension retroactive to September 10,1995.
Accordingly, it is ordered that respondent be suspended from the practice of law for a period of one year and one day, commencing upon the date of finality of this judgment. It is further ordered that respondent pay restitution in the total amount of $500 to Donna Comeaux Anderson and Carl Anderson, Sr. Respondent’s payment of full restitution or efforts to make restitution will be considered if respondent applies for reinstatement. Additionally, respondent is ordered to pay all disciplinary costs from his previous six month suspension prior to any application for reinstatement. All costs of the present proceedings are assessed to respondent.

 Kimball, J., not on panel. Rule IV, Part 2, § 3.

. Respondent’s prior disciplinary record consists of seven admonitions and two suspensions:
1. Admonition 2/1/91, 90-ADB-588, failure to cooperate;
2. Admonition 2/1/91, 90-ADB-5 89,.failure to cooperate;
3. Admonition 2/1/91, 90-ADB-590, failure to cooperate;
4. Admonition 3/27/92, 90-ADB-589, failure to cooperate;
5. Admonition 3/27/92, 2-ADB-003, failure to cooperate;
6. Admonition 7/8/92, 92-ADB-014, failure to cooperate & failure to keep client informed
7. Admonition 8/31/92, 92-ADB-024, conduct involving fraud, deceit or misrepresentation;
8. Suspension 9/30/94, In re: Crawford, 93-3148 (La.9/16/94), 643 So.2d 135, failure to act with diligence, failure to keep client informed, failure to surrender client papers and failure to promptly refund unearned fee; and
9. Suspension 3/10/95, In re: Crawford, 94-2960 (La.3/10/95), 651 So.2d 1338, failure to act with diligence, failure to communicate with client, and commingling of funds.

. Respondent was eligible for automatic reinstatement from his six month suspension on September 10, 1995, but failed to pay his disciplinary costs.