752 So.2d 853 (2000)
In re Brent Stafford GORE.
No. 99-B-3213.
Supreme Court of Louisiana.
January 28, 2000.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This disciplinary matter arises from a petition for consent discipline filed by respondent, Brent Stafford Gore, following the institution of formal charges by the Office of Disciplinary Counsel ("ODC").

*854 FORMAL CHARGES
Brenda Sanders retained respondent in 1990 to represent her in various business matters. In the course of the representation, respondent and Ms. Sanders entered into a consensual sexual relationship. In November 1991, respondent filed a petition for divorce on Ms. Sanders' behalf, and he represented her until a final judgment of divorce was rendered in May 1992.
The ODC alleges that at no time during the representation did respondent inform Ms. Sanders that a potential conflict of interest existed, in violation of Rules 1.4(b) (failure to communicate with a client), 1.7(b) (conflict of interest), 1.16(d) (termination of the representation), 2.1 (failure to exercise independent professional judgment in representing a client), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. The ODC further alleges that at the time respondent filed a Motion for Judgment of Divorce on Ms. Sanders' behalf, alleging that Ms. Sanders and her husband had lived separate and apart for more than six months, he knew that Ms. Sanders and her husband still lived together; that he misrepresented these facts to the court; and that he failed to correct the misrepresentation. The ODC asserts this conduct violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.7(b), 3.1 (bringing a claim without a good faith basis for doing so), 3.3 (candor toward the tribunal), 3.4 (fairness toward opposing parties and counsel), 8.4(a), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) of the Rules of Professional Conduct.[1]

DISCIPLINARY PROCEEDINGS
Following the institution of formal charges, respondent filed a petition for consent discipline. In his petition, respondent admits that he began representing Ms. Sanders in early 1990 in connection with a variety of business matters. At some point thereafter, respondent and Ms. Sanders began a consensual sexual relationship. In late 1991, respondent represented Ms. Sanders in connection with her divorce from her husband, whom she alleged was abusing her. Although Ms. Sanders desired the divorce (which was uncontested by her husband) and consented to respondent's representation of her, respondent admits that he failed to advise his client that a potential conflict of interest existed, in violation of Rule 1.7(b) of the Rules of Professional Conduct.
As to Count II of the formal charges, respondent denied any knowledge that Ms. Sanders and her husband were still living together at the time of their divorce, and he denied that he knowingly made false statements to the court in connection with the divorce proceeding. However, he admitted that he should have been more diligent in his investigation of the factual representations made by his client, and thus admits that he has violated Rule 1.3 of the Rules of Professional Conduct.
*855 For his misconduct, respondent proposed that he be suspended for six months, followed by two years of supervised probation with the following conditions:
1. Respondent will not violate any Rules of Professional Conduct;
2. Respondent will cooperate in any investigation initiated by the Office of Disciplinary Counsel;
3. Respondent will remain current with all Bar dues and assessments, and remain current with all CLE obligations;
4. Respondent will report to a probation monitor appointed by the Disciplinary Counsel; and
5. Respondent will pay the costs of this proceeding.
The ODC concurred in respondent's petition for consent discipline, suggesting that the sanction proposed by respondent is appropriate for the admitted misconduct.

Disciplinary Board Recommendation
In its report, the disciplinary board found that respondent violated a duty owed to the legal system and the public, and that by knowingly and intentionally engaging in an inappropriate relationship with a client that created a conflict of interest, respondent violated his duty to his client as well as to the profession.
The board noted that this court has discussed the issue of sexual relationships between attorneys and clients in two recent cases, although both were decided well after the allegations of misconduct involved in the instant matter.[2]In re: Schambach, 98-2432 (La.1/29/99), 726 So.2d 892; In re: Ashy, 98-0662 (La.12/1/98), 721 So.2d 859. In any event, the board found neither Ashy nor Schambach presents the same factual circumstances as this case.[3] The board concluded that in the instant case, although respondent was involved in a relationship with his client that created a conflict of interest, he did not take advantage of the relationship, as did the respondents in Ashy and Schambach.
The board further recognized that respondent has been engaged in the practice of law since 1974 and that he has no prior disciplinary record. The board also took note of the fact that Ms. Sanders did not make any complaint against respondent until after their relationship ended, and that her complaint came more than two years after the allegedly wrongful conduct occurred. The board suggested that to respondent's credit, he has admitted his error from the beginning and has been completely cooperative with the ODC, not once refusing to provide information or other material requested of him.[4]
*856 Accordingly, the board recommended that the proposed consent discipline be accepted and that respondent be suspended from the practice of law for six months, followed by two years of supervised probation with the special conditions proposed in the petition for consent discipline.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.

DISCUSSION
Respondent has admitted that he engaged in the misconduct set forth in the petition for consent discipline. Although the instant case involves a sexual relationship between respondent and his client, it is nonetheless distinguishable from Ashy and Schambach, as there is no allegation that respondent attempted to use his position as attorney to coerce sex or money from Ms. Sanders. Nonetheless, we agree that the relationship had the potential to create a conflict of interest, especially in light of the fact that respondent was representing Ms. Sanders in connection with a divorce proceeding. Based on our review of the record, we find the proposed consent discipline is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Brent Stafford Gore be suspended from the practice of law for a period of six months, followed by a two-year period of supervised probation which shall be governed by the specific terms and conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[*] Victory, J., not on panel. Rule IV, Part II, § 3.
[1] In supplemental and amended formal charges, the ODC added a third count to the original charges. In Count III, the ODC alleged that respondent engaged in improper communications with a judge and knowingly assisted a judge in conduct violating the Rules of Judicial Conduct; that he knowingly supplied false information to the tribunal; that he failed to inform the tribunal of all relevant information; and that he engaged in conduct contrary to the rules of a tribunal and prejudicial to the administration of justice, all in violation of Rules 3.1 (bringing a claim without a good faith basis for doing so), 3.3 (candor toward the tribunal), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 3.5 (failure to maintain the impartiality and decorum of a tribunal), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(f) (knowingly assisting a judge in conduct that is a violation of the Rules of Judicial Conduct) of the Rules of Professional Conduct. The ODC ultimately dismissed Count III for lack of clear and convincing evidence.
[2] The record reflects that following its investigation of Ms. Sanders' complaint, the ODC rejected formal charges against respondent in March 1995, concluding that an attorney/client relationship of a sexual nature, standing alone, did not violate any existing rule of professional conduct in Louisiana. Although the hearing committee affirmed the dismissal of the complaint on the same ground, a panel of the disciplinary board ultimately reversed.
[3] The respondent in Ashy attempted to extort sexual favors from his client in return for legal services, and the respondent in Schamhach used a consensual sexual relationship to obtain more than $40,000 from his client, which he then refused to pay and later discharged in bankruptcy.
[4] The board may also have been swayed by evidence in the record of Ms. Sanders' behavior following the end of her relationship with respondent in December 1993. In February 1994, Ms. Sanders mailed respondent a Valentine's Day card: "Valentine, I just can't stop thinking about you! Not that I've ever really tried!" and signed "Brent, I'll always love you. Love, Brenda." In March 1994, Ms. Sanders sent respondent a postcard from a Virgin Islands vacation: "This reminds me of Hawaii and our trip. Miss you and love you much. Brenda." In August 1994, in the midst of the ODC's investigation of her complaint concerning respondent, Ms. Sanders sent respondent a "thinking of you" card signed: "Please don't lose this game over pride or stubbornness. Happiness is just a phone call away!" Then, when respondent and his wife accompanied their daughter to college in the fall of 1994, Ms. Sanders followed the family in her car and "engaged in a dangerous game of cat-and-mouse on the highway while the Gores were towing a trailer" carrying their daughter's belongings. This incident led to the issuance of a restraining order against Ms. Sanders, prohibiting her from "interfering with, harassing or causing any bodily or emotional harm" to respondent or his family. Ms. Sanders has also pleaded guilty to a criminal charge of stalking respondent and his family.