ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This attorney disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert B. Schambach, an attorney licensed to practice law in the State of Louisiana, but currently suspended from practice.
UNDERLYING FACTS
In November, 1988, Milton Boylan, III retained respondent to represent him in connection with the succession of his stepfather, Harold Smith. In lieu of the $2,000 fee requested by respondent to handle this matter, Mr. Boylan conveyed title to respondent of a pickup truck belonging to *540 the estate of Mr. Smith, which the parties valued at $2,000.[1]
While respondent did some initial work in the matter, it is undisputed that between 1989 to 1992, respondent took no further steps on behalf of Mr. Boylan. In 1993, respondent was suspended from the practice of law for a period of one year and one day based on unrelated conduct. In re: Schambach, 610 So.2d 792 (La.1993). Respondent never advised Mr. Boylan of his suspension, nor did he refund the unearned portion of the fee. From 1995 to 1998, Mr. Boylan tried on several | (¡occasions to contact respondent in person and by telephone, but was unable to reach him.
On November 11, 1998, ten years after he retained respondent in the succession matter, Mr. Boylan filed a complaint with the ODC. Respondent admitted that he had accepted the fee and failed to complete the services provided. However, respondent refused to comply with the ODC’s numerous requests that he provide an accounting of the unearned fee.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges alleging respondent’s actions violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (neglect of legal matter), 1.4 (failure to communicate), 1.5 (failure to refund unearned fees), 1.15 (failure to keep client funds and property safe) and 8.4(a) (violation of the Rules of Professional Conduct).
Respondent filed an answer. Although respondent asserted the complaint was in fact a fee dispute matter not appropriate for disciplinary proceedings, he represented he intended to make full restitution to .his client within two to three weeks. However, respondent never provided an accounting to his client, nor did he refund any unearned fees.

Recommendation of the Hearing Committee

After a formal hearing, the hearing committee determined the ODC proved the formal charges by clear and convincing evidence. It found respondent intentionally and knowingly converted to his own use his client’s property and failed to perform services for Mr. Boylan. It further found respondent’s actions resulted in actual injury [¡¡to his client, by depriving him of money rightfully belonging to him and delaying his client’s legal matter.
Relying on the Standards 4.11 and 4.41(b) of the ABA’s Standards for Imposing Lawyer Sanctions,[2], the committee found the baseline sanction for respondent’s misconduct was disbarment. It found no mitigating factors were present. As aggravating factors, it recognized respondent’s prior disciplinary record,[3] dis *541 honest or selfish motive, pattern of misconduct, multiple offenses, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, refusal to acknowledge wrongful nature of conduct, vulnerability of the victims, substantial experience in the practice of law,[4] and indifference to making restitution. Accordingly, the committee recommended respondent be disbarred from the practice of law and, as a condition to reinstatement, he be ordered to pay restitution.

Recommendation of the Disciplinary Board

The disciplinary board adopted the findings of the hearing committee in all respects. The board recognized respondent violated the professional rules charged, and that he acted knowingly and intentionally, causing actual injury to his client. The board adopted the aggravating factors and ABA Standards cited by the committee.
RAfter considering the aggravating factors (particularly respondent’s prior discipline) and the length of time over which the misconduct occurred (over a twelve year period), the board accepted the recommendation of the hearing committee. Accordingly, the board recommended respondent be disbarred from the practice of law and ordered to make restitution to Mr. Boylan or the Louisiana State Bar Association Client Protection Fund.[5]
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports the committee’s factual determination that the charges against respondent have been proven by clear and convincing evidence. It is undisputed that respondent accepted a $2,000 fee from his client, but did little, if any, work on the client’s legal matter. Over a twelve-year period, respondent made no ^effort to account for his fee or refund the unearned portion of the fee to his client. After he was suspended by this court in 1993, he did not give notice of his suspension to his client, nor move to withdraw from representation, as mandated by Supreme Court Rule XIX, § 26. Finally, during the disciplinary investigation of this matter, respondent made false and misleading statements to the ODC, indicating *542 that he would make restitution when he had no intent to do so.
Finding evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
If respondent’s misconduct were considered in isolation, we might not find that disbarment was appropriate. However, we cannot ignore the numerous aggravating factors present in this case, including respondent’s lengthy history of prior discipline for similar misconduct. Quite simply, respondent’s consistent lack of regard for the welfare of his clients convincingly demonstrates that he lacks the fitness to practice law in this state. Accordingly, we will accept the board’s recommendation and disbar respondent from the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of 1 ^Robert B. Schambach be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make full restitution to Mr. Boylan or the Client Protection Fund. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent initially represented to the ODC that he had accepted $2,000 in cash from Mr. Boylan, but later admitted that he accepted the truck in lieu of the fee. Respondent never recorded the title of the truck into his name, and it was eventually towed away as an abandoned vehicle.

. Standard 4.11 provides disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. Standard 4.41 provides disbarment is generally appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client.

.In addition to the 1993 suspension discussed earlier (which resulted from commingling and conversion of client funds), respondent was suspended from the practice of law for a period of three years when he borrowed $40,000 from the client and failed to repay the sum. In re: Schambach, 98-2432 (La.1/29/99), 726 So.2d 892. Respondent has also been admonished on two occasions for *541 failing to cooperate in a disciplinary investigation. 91-ADB-052 (1991) and 94-ADB-127 (1995).

. Respondent was admitted to the practice of law in Louisiana in 1976, and had been practicing for approximately twelve years at the lime Mr. Boylan retained him to handle the succession matter.

. At the time of the hearing, the ODC advised the board Mr. Boylan had filed a claim for payment with the Louisiana State Bar Association Client Protection Fund.