*509 ATTORNEY DISCIPLINARY PROCEEDINGS.
LPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William B. Lynch, an attorney licensed to practice law in Louisiana, but currently on interim suspension.
UNDERLYING FACTS
This- matter stems from a child pornography ring that operated in the Kaplan, Louisiana area. In 1996, federal law enforcement authorities learned that Glenn Patrick Mire and Barbara Richardson brought female minors to the home of Wilfred Bell, knowing that the children would be molested by Mr. Bell and photographed while engaging in sexually explicit acts.[1] Respondent later discussed with Mr. Mire ways of preventing the authorities from discovering the incriminating photographs. Among other things, on August 12, 1996, respondent went to the home where the photographs had been produced and convinced the owner of the home to remove all the furniture in the areas where the photographs had been taken, in order that authorities would not be able to learn the location where the child pornography had been produced. The next day, respondent met with some of the females who had been photographed and assured them that if they cooperated with him, he would post their bail in the event they were arrested in connection with the investigation. After the | ¡Jemales were interviewed by law enforcement agents, respondent met with the females to determine what questions had been asked of them by the agents, the answers they gave to the agents, and the direction of the investigation. In the course of these meetings, respondent learned that Newton Suire would possibly be called to testify before the federal grand jury investigating the Kaplan child pornography ring. On September 10, 1996, respondent counseled Mr. Suire to commit perjury before the grand jury by testifying falsely under oath when asked about any matters relating to child prostitution or child pornography.[2] In October 1996, respondent attempted to persuade a government witness to give a television interview in which she would lie about the actions of law enforcement agents. Finally, respondent met with a prior participant in the conspiracy and encouraged that person to obstruct justice by not cooperating with federal authorities.
On October 9, 1996, a federal grand jury sitting in the Western District of Louisiana returned a seven-count indictment against respondent and the others involved in the pornography ring. As to respondent, the indictment alleged that he suborned perjury in violation of 18 U.S.C. § 1622 and conspired to obstruct justice in violation of 18 U.S.C. § 371, both felonies under federal law. On October 30, 1997, a jury found respondent guilty as charged. On September 10, 1998, the district court sentenced respondent to serve forty-eight *510 months in prison, followed by three years of supervised release. As a special condition of supervision, respondent was ordered to have “no contact with any female minors under age 18 years, either directly or indirectly except his own children.” On December 8, 2000, respondent’s conviction |3and sentence were affirmed in an unpublished decision of the United States Court of Appeals for the Fifth Circuit. United States v. Lynch, 98-30016 (5th Cir.2000).
DISCIPLINARY PROCEEDINGS
On November 4, 1998, this court placed respondent on interim suspension based upon his conviction of a serious crime and ordered that disciplinary proceedings be instituted. In re: Lynch, 98-2448 (La.11/4/98), 721 So.2d 845. On November 12,1998, the ODC filed one count of formal charges against respondent arising out of his conviction.[3] Respondent failed to answer or otherwise respond to the formal charges. Accordingly, the charges were deemed admitted. No formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence. See Supreme Court Rule XIX, § 11(E)(3).
In its submission, the ODC pointed out that respondent has been convicted of a serious crime warranting discipline under the Rules of Professional Conduct, the baseline sanction for which is disbarment. The ODC suggested several aggravating factors are present, including respondent’s prior disciplinary record,[4] dishonest or selfish motive, pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1959). In light of all these factors, and particularly considering the nature of the acts by respondent which precipitated his conviction, the ODC argued that permanent disbarment is warranted.
Respondent submitted no evidence for the hearing committee’s consideration.

\ ¿Hearing Committee Recommendation

After considering the ODC’s submission, the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged. The committee concluded respondent’s conduct was intentional, and that actual harm resulted from his interference with an ongoing federal investigation into child prostitution and child pornography. The committee concurred in the aggravating factors cited by the ODC, and agreed that no mitigating factors are present. Finding respondent’s conduct fits the permanent disbarment guidelines set forth in Appendix E to the Rules of Lawyer Disciplinary Enforcement, the committee recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board found the hearing committee’s findings of fact are not manifestly erroneous, and that the committee correctly applied the Rules of Professional Conduct. Relying on the same reasoning as set forth by the committee, a majority of the board recommended respondent be permanently disbarred. The board also recommended that respondent be assessed with all costs *511 and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole |Bissue presented is whether respondent’s crimes warrant discipline and, if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
The disciplinary board has recommended to us that respondent’s conduct is so egregious as to warrant permanent disbarment. The sanction of permanent disbarment is set forth in the 2001 amendment to Supreme Court Rule XIX, § 10[5] and § 24.[6] In our commentary accompanying the amendment, we stated, in pertinent part:
In the public interest, the Court has amended Louisiana Supreme Court Rule XIX to codify Permanent Disbarment as an available sanction for attorney misconduct. While the Court has always had the discretion to deny an application for readmission after the requisite five (5)-year waiting period after disbarment, an attorney who is permanently disbarred under these circumstances will be prohibited from applying for readmission to the bar. These amendments reflect the judgment of the Court that in some instances lawyer misconduct may be so egregious as to warrant a sanction of permanent disbarment based on the facts of an | ^individual case and in consideration of the guidelines in Appendix E to the Rules of Lawyer Disciplinary Enforcement.
In Appendix E, we set forth several guidelines illustrating the type of cases which might warrant permanent disbarment. We explained that these guidelines were not intended to bind this court in its decisionmaking, but to provide “useful information to the public and to lawyers concerning the types of conduct the Court might consider to be worthy of permanent disbarment.”
Guideline 2 of Appendix E provides that an attorney’s “[ijntentional corruption of *512 the judicial process, including but not limited to bribery, perjury, and subornation of perjury” is a ground for permanent disbarment. Clearly, respondent’s conviction of suborning perjury and of conspiring to obstruct justice in connection with a child pornography investigation falls squarely within this guideline.
As recently noted in In re: Morphis, 01-2803 (La.12/4/02), 831 So.2d 934, we do not lightly impose the sanction of permanent disbarment. Nonetheless, we are firmly convinced that we would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here. Respondent engaged in conduct that was actively intended to frustrate the administration of justice. This court cannot and will not tolerate such conduct by an attorney, upon whom high standards of honesty and righteousness are erected. See Louisiana State Bar Ass’n v. Haylon, 250 La. 651, 198 So.2d 391, 392 (1967). Respondent’s actions convincingly demonstrate he does not possess the requisite moral fitness to practice law in this state. He must be permanently disbarred.
Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
IvDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of William B. Lynch be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The children, Mr. Mire, and Ms. Richardson were all paid by Mr. Bell.

. Mr. Suire was, in fact, called to testify before the grand jury, and he did, in fact, commit perjury by denying that he knew any of the prostitutes mentioned in the grand jury, by denying that he had sex with any females under the age of 25 in the last year, and by denying that he had met with and discussed child prostitution or child pornography with respondent.

. The ODC alleged that respondent's conviction constituted a violation of Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

. Respondent received four private reprimands between 1975 and 1989.

. Supreme Court Rule XIX, § 10(A) was amended to add the highlighted language:
(1) Disbarment by the court. In any order or judgment of the court in which a lawyer is disbarred, the court retains the discretion to permanently disbar the lawyer and permanently prohibit any such lawyer from being readmitted to the practice of law.

. Supreme Court Rule XIX, § 24(A) was amended to add the highlighted language:
A disbarred lawyer or a suspended lawyer who has served a suspension period of more than one year, exclusive of any waivers or periods of deferral, shall be reinstated or readmitted only upon order of the court.... No lawyer may petition for readmission until five years after the effective date of disbarment. A lawyer who has been placed on interim suspension and is then disbarred for the same misconduct that was the ground for the interim suspension may petition for readmission at the expiration of five years from the time of the effective date of the interim suspension. The court retains the discretion, in accordance with Section 10A of this rule, to permanently disbar a lawyer and permanently prohibit any such lawyer from being readmitted to the practice of law.