*1092 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from four counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Eddie G. Crawford, an attorney licensed to practice law in Louisiana, but who has been suspended by various orders of this court since 1994. Despite the clear orders of this court prohibiting him from practicing law, respondent has continued to engage in the unauthorized practice of law. Finding such a blatant disregard for the orders of this court to be unacceptable, we now permanently disbar respondent.
PRIOR DISCIPLINARY HISTORY
Respondent was admitted to practice in 1983. His history of professional misconduct began in 1991, when he was admonished on three separate occasions for failing to cooperate with the ODC. In 1992, respondent was admonished on four separate occasions. Three of these admonitions involved failure to cooperate; the fourth admonition was for engaging in conduct involving fraud, deceit or misrepresentation.
In 1994, we suspended respondent for a period of ninety days for misconduct arising out of his representation of a client in a succession matter, including failure to communicate with the client and failure to promptly refund an unearned fee. In re: Crawford, 93-3148 (La.9/16/94), 643 So.2d 135. Because this suspension was for bless than one year, respondent was eligible for reinstatement upon compliance with Supreme Court Rule XIX, § 23; however, respondent did not seek reinstatement.
Approximately six months later, we again addressed disciplinary infractions committed by respondent. This time, we suspended respondent for a period of six months based on failure to act with diligence, failure to communicate, and commingling of client funds. In re: Crawford, 94-2960 (La.3/10/95), 651 So.2d 1338. Again, respondent did not seek reinstatement procedures.
Respondent’s most recent appearance before this court came in 1997, at which time we suspended respondent for a period of one year and one day for neglecting client matters and failing to advise his clients that he had been suspended during the course of his representation. In re: Crawford, 97-1002 (La.9/19/97), 699 So.2d 379. Respondent has not applied to this court for formal reinstatement pursuant to Supreme Court Rule XIX, § 24.
Thus, since September, 1994, respondent has been continuously suspended from the practice of law.
UNDERLYING FACTS
Count I — Caswell Succession Matter
In late 1997, the heirs of Virgil Caswell, who were California residents, paid respondent an advance fee of $1,800 to institute succession proceedings in Louisiana. At the time respondent accepted the fee, he was suspended from the practice of law. While respondent advised one heir and the spouse of another heir of his suspension, he failed to inform the several remaining heirs of this fact.
As the matter proceeded, respondent periodically communicated to the heirs that he was diligently pursuing the matter. In June, 1998, respondent contacted one heir, Tommie Jean Cain, and indicated he was completing the succession matter and [¡¡needed additional funds. Ms. Cain forwarded respondent a cashier’s check in the amount of $3,000. Respondent deposited the funds in his family joint bank account.
*1093 Upon learning the succession proceedings were never instituted and that respondent was not licensed to practice law, Ms. Cain filed a complaint with the ODC. In his response to the complaint, respondent agreed to provide restitution to the heirs; however, he failed to do so.
Count II — Jones Matter
In August, 1997, Harry Jones retained respondent to represent his interests in a personal injury matter against State Farm Insurance Company. At the time he was retained, respondent was suspended from the practice of law, but failed to inform his client or State Farm of his suspension from the practice of law. Ultimately, respondent negotiated a settlement on behalf of his client. State Farm issued a check in the amount of $5,266, which was made out to “Harry Jones & His Attorney Eddie Crawford.” Respondent and his client each endorsed the check. Respondent deducted his legal fee and disbursed the balance of the funds to his client.
Count III — Gillam Matter
In December, 1997, Carolyn C. Gillam retained respondent for $750 to institute proceedings relative to the succession of her brother. At the time he accepted the representation, respondent was suspended from the practice of law. Respondent failed to undertake any legal work in the matter for over two years. Dissatisfied with respondent’s inaction, Ms. Gillam made numerous requests for a refund of the unearned fee. On each occasion, respondent promised to return the funds, but never did so.
| ¿Subsequently, Ms. Gillam filed a complaint with the ODC. In his response to the complaint, respondent advised the ODC he intended to return the money within thirty days. However, respondent has yet to provide any restitution to Ms. Gillam.
Count IV — Kees Matter
In December, 1997, Edwena Ann Coleman Kees retained respondent for $750 to institute proceedings relative to the succession of her father. Respondent was suspended from the practice of law at the time he accepted the representation. Respondent had neglected to undertake any legal work in the matter for over two years.
Ms. Kees eventually filed a complaint with the ODC and sought a return of the unearned fee. In response to the ODC’s request for information, respondent asserted he would contact his client regarding the matter. There is no indication respondent ever did so, or that he paid any restitution to Ms. Kees.
DISCIPLINARY PROCEEDINGS
Following its investigation, the ODC filed formal charges against respondent alleging violations of Rules 1.3 (lack of diligence), 1.4(b) (failure to provide client sufficient information to participate intelligently in decisions subject of the representation), 1.5(a) (unreasonableness of legal fee), 1.16(a)(1) (failure to withdraw from representation of client when the representation resulted in professional misconduct), 1.16(d) (failure to protect client interests upon termination of representation), 4.1 (making a false statement of material fact to a third person in the course of a client representation), 5.5(a) (violating disciplinary regulation of another jurisdiction through unauthorized practice of law in that jurisdiction), 8.4(a) (violating | Bthe Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) of the Rules of Professional Conduct.
*1094 Respondent filed an answer to the formal charges. While not conceding he engaged in the unauthorized practice of law, respondent simply admitted that he was suspended from practice during the times in question and had promised to make restitution to his clients.

Hearing Committee Recommendation

Following a formal hearing, the committee concluded the ODC proved by clear and convincing evidence each of the allegations subject of the formal charges. Based on its findings, the committee recommended that respondent be disbarred from the practice of law. One committee member dissented without assigning reasons.

Respondent’s Objection/ODC''s Supplemental Memorandum

After the hearing committee issued its recommendation, respondent filed an objection to the hearing committee’s recommendation of disbarment. In his memorandum, he asserted he should not be disbarred but should instead be suspended for an additional period of time, with readmission subject to probationary terms.
The ODC filed a supplemental memorandum with the disciplinary board arguing respondent should be permanently disbarred.[1] In support, the ODC relied on | ^Guidelines 8 and 9 from the Guidelines Depicting Conduct Which Might Warrant Permanent Disbarment contained in Appendix E Supreme Court Rule XIX.[2]
Respondent was served with a copy of the ODC’s supplemental memorandum on permanent disbarment. He did not file a response, nor did he seek a remand to the hearing committee for the purpose of introducing additional evidence on this issue.

Recommendation of the Disciplinary Board

The disciplinary board concurred in the committee’s findings that the ODC proved by clear and convincing evidence respondent violated the professional rules charged. Specifically, the board concluded respondent’s “flagrant” unauthorized practice of law confirmed his total disregard of the legal profession and the privilege to practice law.
In addressing the issue of sanctions, the board found respondent intentionally violated duties owed to his clients, the public, and as a professional. The board recognized the Caswell heirs were harmed by the cost of the airfare and hotel accommodations it provided to respondent for their first meeting in California, as well as the fees to complete the legal work. The board also pointed out Ms. Gillam and Ms. Kees were not refunded their respective fees.
|7The board relied on the ABA’s Standards for Imposing Lawyer Sanctions to conclude the appropriate baseline sanction *1095 for respondent’s misconduct is disbarment.[3] It found the mitigating factors of full disclosure and cooperation in the disciplinary process are significantly outweighed by the aggravating factors, which include respondent’s extensive prior disciplinary record,[4] dishonest or selfish motive, pattern of misconduct, multiple offenses, vulnerable victims and substantial experience in the practice of law.[5]
Placing emphasis on the aggravating factors, the board recommended that respondent be permanently disbarred from the practice of law. One board member dissented to the proposed sanction.
Respondent filed an objection to the board’s findings and recommendation. Based on such, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G).
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has |sbeen proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
It is undisputed that respondent engaged in multiple instances of unauthorized practice of law in violation of the judgments of this court suspending him from practice. In addition, he neglected his client’s legal matters, failed to refund unearned legal fees and misrepresented his efforts relative to his clients’ respective legal matters. Finding the charges proven by clear and convincing evidence, we turn to the issue of an appropriate sanction for respondent’s misconduct.
In addressing the issue of sanctions, we are mindful that the purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152. *1096 The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839; Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The sanctions imposed by this court for unauthorized practice of law are largely dependent on the individual circumstances of the case. In general, however, when the attorney has manifested a conscious intent to flout the authority of this court by practicing after being prohibited from doing so, we have not hesitated to impose | gdisbarment. See, e.g., In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for engaging in the unauthorized practice of law on four occasions, after being suspended in the past for similar misconduct). The serious nature of such actions are underscored by La. R.S. 37:213, in which our legislature has made it a felony to engage in the unauthorized practice of law. It was against this backdrop that we included unauthorized practice of law as one of the types of conduct that might warrant permanent disbarment.
In his filings and argument before this court, respondent does not dispute he engaged in the unauthorized practice of law, but asks this court not to permanently disbar him and instead give him a “second chance” to remedy the error of his ways. However, respondent fails to recognize that on three prior occasions, we have given him the benefit of the doubt by imposing relatively lenient sanctions, only to have respondent continue to engage in misconduct. Respondent’s refusal to respect the authority of this court demonstrates he lacks the fitness to engage in the practice of law in Louisiana.
We do not lightly impose the sanction of permanent disbarment. In re: Lynch, 02-2275 (La.1/24/03), 840 So.2d 508. Nonetheless, we are firmly convinced that we would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here. Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Eddie G. Crawford be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), |init is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. Respondent is ordered to make full restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The amendments to Supreme Court Rule XIX providing for permanent disbarment became effective August 1, 2001. Although the committee filed its recommendation on August 22, 2001, after the effective date of these amendments, the committee did not refer to them.

. Guidelines 8 and 9 of Appendix E, Guidelines Depicting Conduct Which Might Warrant Permanent Disbarment, provide:
Guideline 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
Guideline 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct ... Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.

. Standard 4.41 provides disbarment is generally appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; Standard 4.61 provides disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client; Standard 5.11 provides disbarment is generally appropriate when a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice; and Standard 7.1 provides disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

. As stated earlier, respondent has been admonished by the disciplinary board a total of seven times and disciplined by this court on three separate occasions.

. Respondent was admitted to the practice of law fourteen years at time of the misconduct subject of these proceedings.